```
 1 │ Richard G. Grotch, Esq. - SBN 127713
   │ CODDINGTON, HICKS & DANFORTH                        FILED
 2 │ A Professional Corporation, Lawyers
   │ 555 Twin Dolphin Drive, Suite 300                  DEC 0 9 2005
 3 │ Redwood City, California 94065-2133
   │ Tel. (650) 592-5400                              RICHARD W. WIEKING
 4 │ Fax. (650) 592-5027                              CLERK U.S. DISTRICT COURT
   │ Email: rgrotch@chdlawyers.com                 NORTHERN DISTRICT OF CALIFORNIA
 5 │
   │ ATTORNEYS FOR Defendants
 6 │ HEDIA PETROLEUM, INC., dba
   │ CAMPBELL UNION 76 and
 7 │ BOZORGHADAD TRUST
```

### UNITED STATES DISTRICT COURT

### NORTHER DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINA SALDANA-NEILY, | No. C 04-4571 MJJ (MEJ) |
| Plaintiffs, | |
| vs. | STIPULATION [AND ~~PROPOSED ORDER~~] FOR A GOOD FAITH SETTLEMENT DETERMINATION |
| TACO BELL OF AMERICA, INC.; DOROTHY M. HIURA TRUST; and DOES 1-25; HEDIA PETROLEUM INC., dba CAMBELL UNION 76; BOZORGHADAD TRUST; AND DOES 26-50-Inclusive, | |
| Defendants. | |

   **WHEREAS** plaintiff ERNESTINA SALDANA-NEILY ("Plaintiff") commenced the above-entitled action on October 28, 2004 ("The Action") against defendants TACO BELL OF AMERICA, INC., DOROTHY M. HIURA TRUST, HEDIA PETROLEUM INC., d/b/a CAMBELL UNION 76, and BOZORGHADAD TRUST ("Defendants"); and

   **WHEREAS** HEDIA PETROLEUM INC., d/b/a CAMBELL UNION 76 and BOZORGHADAD TRUST are hereinafter referred to collectively as "The Union 76 Defendants"; and

///

///

---

1  **WHEREAS** Plaintiff alleges in The Action, *inter alia*, that she was unable to gain access to the women's restroom at a Taco Bell restaurant in Campbell, using her "powerchair," because the restroom allegedly was not accessible to disabled individuals; and

4  **WHEREAS** Plaintiff alleges, in The Action, *inter alia*, that after being unable to use the Taco Bell restroom, she went to a nearby Union 76 service station (Campbell Union 76) where she alleges her path of ingress to, and egress from, the unisex restroom at the service station was blocked; and

7  **WHEREAS** Plaintiff alleges, *inter alia*, that she was unable to enter the restroom at the Campbell Union 76 station in time to avoid a urinary incident; and

9  **WHEREAS** Plaintiff contends that Defendants violated certain provisions of the Americans With Disabilities Act and certain provisions of California law providing for disabled access in public accommodations; and

12  **WHEREAS** Defendants deny, *inter alia*, Plaintiff's factual allegations and Plaintiff's legal contentions regarding violations of law regarding disabled access in public accommodations; and

14  **WHEREAS** Taco Bell alleges that it is not readily achievable to make the women's restroom accessible to persons who use wheelchairs for mobility; and

16  **WHEREAS** The Union 76 Defendants attended three settlement conferences supervised by the Honorable Maria-Elena James, United States Magistrate Judge (on June 14, 2005, July 29, 2005 and October 26, 2005); and

19  **WHEREAS** at the conclusion of the third settlement conference, on October 26, 2005, Plaintiff and The Union 76 Defendants reached an amicable resolution of Plaintiff's claims for compensatory damages against The Union 76 Defendants, which resolution requires payment to Plaintiff, by The Union 76 Defendants, of the sum of Ten Thousand dollars ($10,000.00) ("Settlement Sum"), subject to certain specifically enumerated conditions which are recited in the "Consent Decree and Order as to Campbell Union 76, Hedia Petroleum Inc. and Bozorghadad Trust," filed on November 2, 2005, as Docket No. 64; one such condition is that the Court determine the compensatory damages settlement between Plaintiff and The Union 76 Defendants, to be in "good faith" within the meaning of California Code of Civil Procedure §877.6; and

28  ///

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Stipulation and [Proposed] Order For Good Faith
Settlement- C 04-4571 MJJ (MEJ)

2

1  **WHEREAS** Plaintiff and The Union 76 Defendants have further agreed that the issue of the
2  amount of plaintiff's attorney fees, litigation expenses and costs recoverable from The Union 76
3  Defendants, if any, shall be determined either through further negotiation or by the Court; and

4  **WHEREAS** California Code of Civil Procedure §877.6 sets forth the guidelines for
5  determining the good faith nature of a settlement between a plaintiff and alleged tortfeasors, in
6  pertinent part, as follows:

7  (a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors
8  or co-obligors on a contract debt shall be entitled to a hearing on the issue of good faith of a
9  settlement entered into by the plaintiff or other claimant and one or more alleged tort-feasors
10 or co-obligors . . .

11 (b) The issue of the good faith settlement may be determined by the court on the basis of
12 affidavits served with the notice of hearing, and any counter-affidavits filed in response, or the
13 court may, in its discretion, receive other evidence at the hearing . ..; and

14 **WHEREAS** the California Supreme Court has stated that the purpose behind Section 877.6
15 is to achieve a balance between the objectives of "equitable sharing of costs among the parties
16 involved" and "the encouragement of settlements." See *Tech-Bilt v. Woodward Clyde & Assoc.*, 38
17 Cal.3d 488, 494 (1985); and

18 **WHEREAS** in *Tech-Bilt*, the Supreme Court acknowledged that the trial court should be
19 allowed, among other things, to inquire "whether the amount of the settlement is within the
20 reasonable range of the settling tortfeasor's proportional share of comparative liability for the
21 plaintiff's injuries." *Id.* at 499; and

22 **WHEREAS** *Tech-Bilt* identifies several factors which should be taken into account in
23 determining good faith, including: (1) rough approximation of plaintiffs' total recovery and the
24 settler's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement
25 proceeds among plaintiffs; and (3) a recognition that a settler should pay less in settlement than he
26 would if he were found liable at trial. *Id.* at 499. Other relevant factors include the financial
27 conditions and insurance policy limits of settling defendants, as well as the existence of collusion,
28 fraud or tortious conduct and potential prejudice to the interests of non-settling defendants; and

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

3

Stipulation and [Proposed] Order For Good Faith
Settlement- C 04-4571 MJJ (MEJ)

1  **WHEREAS** the Union 76 Defendants represent that Settlement Sum was arrived at through
2  extensive negotiations between the parties and facilitated by the Court; and

3  **WHEREAS** the Union 76 Defendants represent that they are agreeing to pay the Settlement
4  Sum in order to end this expensive and protracted litigation without incurring further investigative,
5  expert and trial preparation costs; and

6  **WHEREAS** settlement of Plaintiff's claims against The Union 76 Defendants, for the
7  Settlement Sum, is not grossly disproportionate in light of the amount of Plaintiff's potential
8  damages; and

9  **WHEREAS** The Union 76 Defendants should pay less in settlement than they would pay if
10 found liable at trial; and

11 **WHEREAS** no collusion, fraud or tortious conduct underlies the settlement. The settlement
12 was arrived at through extensive, judicially-supervised negotiations. At all times, Plaintiff and The
13 Union 76 Defendants sought to reach an agreement that would fairly resolve the matter and that
14 would not seek to injure any other party to the litigation.

15 **WHEREAS** the settlement is based on information available to the Parties at the time of
16 settlement; and

17 **WHEREAS** based upon all of the foregoing, the Settlement Sum is well within the "ballpark"
18 of The Union 76 Defendants' potential liability.

19 IT IS THEREFORE STIPULATED, by and between the parties, through their respective
20 counsel, that the Court may enter an order:

21 1.  Determining that the settlement between Plaintiff and The Union 76 defendants was
22 made in "good faith" within the meaning of California Code of Civil Procedure §877.6 and *Tech-Bilt*
23 *v. Woodward Clyde & Assoc.*, 38 Cal. 3d 488 (1985); and

24 ///
25 ///
26 ///
27 ///
28 ///

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Stipulation and [Proposed] Order For Good Faith
Settlement- C 04-4571 MJJ (MEJ)

4

Case 4:04-cv-04571-PJH   Document 68   Filed 12/09/05   Page 5 of 8
12/06/2005  11:20   5108324787           LAW OFFICE PAUL REIN                PAGE  07/07
Case 3:04-cv-04571-MJJ   Document 67   Filed 12/06/2005   Page 5 of 8

1  2.  Barring any claims against The Union 76 Defendants for total equitable indemnity, equitable comparative contribution and equitable partial indemnity based on comparative contribution, equitable partial contribution based on comparative negligence or comparative fault, or implied contractual indemnity.

Dated: November 21, 2005

LAW OFFICES OF PAUL L. REIN

By: /s/ Paul L. Rein
Paul L. Rein
Attorneys for Plaintiff
Ernestina Saldana-Neily

Dated: November ___, 2005

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
Jeffrey H. Dasteel
Attorneys for Defendant
Taco Bell of America, Inc.

Dated: November ___, 2005

MCMANIS, FAULKNER & MORGAN

By: _____
William Faulkner
Attorneys for Defendant
Dorothy M. Hiura Trust

Dated: November ___, 2005

CODDINGTON, HICKS & DANFORTH

By: _____
Richard G. Grotch
Attorneys for Defendants
Hedia Petroleum, Inc. d/b/a Campbell Union 76 and Bozorghadad Trust

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
535 Twin Dolphin Drive, #500
Redwood City, CA 94065
(650) 592-5400

Stipulation and [Proposed] Order For Good Faith
Settlement- C 04-4571 MJJ (MEJ)

5

Case 4:04-cv-04571-PJH   Document 68   Filed 12/09/05   Page 6 of 8
11-15-2005  10:39am  From-                    +2196877808           T-160  P.006/007  F-458
Case 3:04-cv-04571-MJJ   Document 67   Filed 12/06/2005   Page 6 of 8

1  2.  Barring any claims against The Union 76 Defendants for total equitable indemnity, equitable comparative contribution and equitable partial indemnity based on comparative contribution, equitable partial contribution based on comparative negligence or comparative fault, or implied contractual indemnity.

Dated: November ___, 2005            LAW OFFICES OF PAUL L. REIN


                                     By: _____
                                         Paul L. Rein
                                         Attorneys for Plaintiff
                                         Ernestina Saldana-Neily


Dated: November 5, 2005              SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP


                                     By: _____
                                         Jeffrey H. Dasteel
                                         Attorneys for Defendant
                                         Taco Bell of America, Inc.


Dated: November ___, 2005            MCMANIS, FAULKNER & MORGAN


                                     By: _____
                                         William Faulkner
                                         Attorneys for Defendant
                                         Dorothy M. Hiura Trust


Dated: November ___, 2005            CODDINGTON, HICKS & DANFORTH


                                     By: _____
                                         Richard G. Grotch
                                         Attorneys for Defendants
                                         Hedia Petroleum, Inc. d/b/a Campbell
                                         Union 76 and Bozorghadad Trust

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Stipulation and [Proposed] Order For Good Faith
Settlement- C 04-4571 MJJ (MEJ)

5

1   2.   Barring any claims against The Union 76 Defendants for total equitable indemnity, equitable comparative contribution and equitable partial indemnity based on comparative contribution, equitable partial contribution based on comparative negligence or comparative fault, or implied contractual indemnity.

Dated: November ___, 2005            LAW OFFICES OF PAUL L. REIN


By: _____
    Paul L. Rein
    Attorneys for Plaintiff
    Ernestina Saldana-Neily


Dated: November ___, 2005            SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP



By: _____
    Jeffrey H. Dasteel
    Attorneys for Defendant
    Taco Bell of America, Inc.


Dated: November 14, 2005             MCMANIS, FAULKNER & MORGAN



By: /s/ William Faulkner
    William Faulkner
    Attorneys for Defendant
    Dorothy M. Hiura Trust


Dated: December 6, 2005              CODDINGTON, HICKS & DANFORTH



By: /s/ Richard G. Grotch
    Richard G. Grotch
    Attorneys for Defendants
    Hedia Petroleum, Inc. d/b/a Campbell
    Union 76 and Bozorghadad Trust

CODDINGTON, HICKS
& DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

Stipulation and [Proposed] Order For Good Faith
Settlement- C 04-4571 MJJ (MEJ)

5

# [~~PROPOSED~~] ORDER

The Court, having reviewed the foregoing stipulation,

IT IS HEREBY ORDERED as follows:

1. The settlement between Plaintiff and The Union 76 Defendants is determined to have been made in "good faith" within the meaning of California Code of Civil Procedure §877.6 and *Tech-Bilt v. Woodward Clyde & Assoc.*, 38 Cal. 3d 488 (1985); and

2. Any claims against The Union 76 Defendants for total equitable indemnity, equitable comparative contribution and equitable partial indemnity based on comparative contribution, equitable partial contribution based on comparative negligence or comparative fault, or implied contractual indemnity, are barred.

IT IS SO ORDERED.

Dated: ~~November~~, 2005
12/8/2005

Honorable Martin J. Jenkins
United States District Judge

CODDINGTON, HICKS & DANFORTH
A Professional Corp., Lawyers
555 Twin Dolphin Drive, #300
Redwood City, CA 94065
(650) 592-5400

6

Stipulation and [Proposed] Order For Good Faith Settlement- C 04-4571 MJJ (MEJ)