1  PAUL L. REIN, Esq. (SBN 43053)
   PATRICIA BARBOSA, Esq. (SBN 125865)
2  JULIE MCLEAN, Esq. (SBN 215202)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Dr., Suite A
   Oakland, CA 94612
4  Tel: (510) 832-5001
   Fax: (510) 832-4787
5
   Attorney for Plaintiff:
6  ERNESTINA SALDANA-NEILY

7

8             UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9

10 ERNESTINA SALDANA-NEILY,         CASE NO. C04-4571 MJJ
                                    Civil Rights
11       Plaintiff,

12                                  **CONSENT DECREE AND ORDER AS TO
   v.                               CAMPBELL UNION 76, HEDIA
13                                  PETROLEUM INC. AND BOZORGHADAD
                                    TRUST ONLY**
14 TACO BELL OF AMERICA, INC.;
   DOROTHY M. HIURA TRUST; and
15 DOES 1 through 25; HEDIA
   PETROLEUM, INC., dba
16 CAMPBELL UNION 76;
   BOZORGHADAD TRUST; and DOES
17 26-50, Inclusive,

18       Defendants

19 ─────────────────────────

   DOROTHY M. HIURA TRUST,
20
            Cross-claimant
21
   v.
22

23 TACO BELL OF AMERICA, INC.;
   and DOES 1-20, Inclusive,
24
            Cross-defendant
25
   ─────────────────────────/
26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4571 MJJ              — 1 —        S:\jm\Cases\T\Taco Bell - Union 76\pleadings\Union 76 Consent Decree 12-5-05.doc

1    **CONSENT DECREE AND ORDER**

2        1.    Plaintiff ERNESTINA SALDANA-NEILY filed a Complaint

3    in this action on October 28, 2004, to enforce provisions of

4    the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

5    §§ 12101 et seq., and California civil rights laws against

6    Defendants, TACO BELL OF AMERICA, INC.; DOROTHY M. HIURA TRUST;

7    and DOES 1 through 25; HEDIA PETROLEUM, INC., dba CAMPBELL

8    UNION 76; BOZORGHADAD TRUST; and DOES 26-50, Inclusive.

9    Plaintiff has alleged that Defendants HEDIA PETROLEUM, INC.,

10   dba CAMPBELL UNION 76 and BOZORGHADAD TRUST violated Title III

11   of the ADA and sections 51, 52, 54.1, and 55 of the California

12   Civil Code, and sections 19955 et seq., of the California

13   Health and Safety Code by failing to provide full and equal

14   access to their facilities at the Union 76 Station located at

15   3145 S. Bascom Ave., Campbell, California when plaintiff

16   visited the subject facility on May 15, 2004.

17       2.    Defendants HEDIA PETROLEUM, INC., dba CAMPBELL UNION

18   76 and BOZORGHADAD TRUST; ("Defendants") deny the allegations

19   in the Complaint and by entering into this Consent Decree and

20   Order do not admit liability to any of the allegations in

21   Plaintiff's Complaint filed in this action.  The parties hereby

22   enter into this Consent Decree and Order for the purpose of

23   resolving this lawsuit without the need for protracted

24   litigation, and without the admission of any liability.

25

26   **JURISDICTION:**

27       3.    The parties to this consent decree agree that the

28   Court has jurisdiction of this matter pursuant to 28 USC §1331

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4571 MJJ          — 2 —          S:\jmt\Cases\ST\Taco Bell - Union 76\pleadings\Union 76 Consent Decree 12-5-05.doc

1  for violations of the Americans with Disabilities Act of 1990,

2  42 USC 12101 *et seq.* and pursuant to pendant jurisdiction for

3  violations of California Health & Safety Code §19955 *et seq.*,

4  including §19959; Title 24 California Code of Regulations; and

5  California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

6      4.   In order to avoid the costs, expense, and uncertainty

7  of protracted litigation, the parties to this consent decree

8  agree to entry of this Order to resolve all claims regarding

9  injunctive relief and damages raised in the Complaint filed

10 with this Court on October 28, 2004.  Accordingly, they agree

11 to the entry of this Order without trial or further

12 adjudication of any issues of fact or law concerning

13 plaintiff's claims for injunctive relief or damages.

14      WHEREFORE, the parties to this consent decree hereby

15 agree and stipulate to the Court's entry of this Consent Decree

16 and Order, which provides as follows:

17

18 **SETTLEMENT OF INJUNCTIVE RELIEF**:

19      5.   This Order shall be a full, complete, and final

20 disposition and settlement of Plaintiff's claims against

21 Defendants for injunctive relief and damages that have arisen

22 out of the subject Complaint.  The parties agree that there has

23 been no admission or finding of liability or violation of the

24 ADA and/or California civil rights laws, and this Consent

25 Decree and Order should not be construed as such.

26      6.   The parties agree and stipulate that the corrective

27 work will be performed in compliance with the standards and

28 specifications for disabled access as set forth in the

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4571 MJJ                    — 3 —                    S:\jm\Cases\T\Taco Bell - Union 76\pleading\Union 76 Consent Decree 12-5-05.doc

1    California Code of Regulations, Title 24-2 and Americans with

2    Disabilities Act Accessibility Guidelines, unless other

3    standards are specifically agreed to in this Consent and Order:

4         a)    Remedial Measures: The injunctive relief agreed upon

5    by the Parties is attached as **Attachment A** to this Consent

6    Decree, the Disabled Access Evaluation performed by plaintiff's

7    consultant Jonathan Adler, which is incorporated herein by

8    reference as if fully set forth in this document.  Defendants

9    agree to undertake all remedial work (identified as

10   "Recommendations") set forth in **Attachment A.**  Defendants

11   further agree to institute and maintain a policy that all

12   accessible routes and paths of travel will be maintained clear

13   of any obstacles.  All employees shall be trained in this

14   policy.

15        b)    Timing of Injunctive Relief:  Defendants will submit

16   plans for all corrective work within 30 days of entry of this

17   consent decree and order by the court, will commence work

18   within 30 days of receiving approval from the building

19   department, and will complete work within 60 days of

20   commencement.  In the event that unforeseen difficulties

21   prevent defendants from completing any of the agreed-upon

22   injunctive relief, defendants or their counsel will notify

23   plaintiff's counsel in writing within 30 days of discovering

24   the delay.  Defendants or their counsel will notify plaintiff's

25   counsel when the corrective work is completed, and in any case

26   will provide a status report no later than 120 days from the

27   entry of this consent decree.

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-4571 MJJ**                    — 4 —                    S:\pw\Cases\T\Taco Bell - Union 76\pleading\Union 76 Consent Decree 12-5-05.doc

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

7.    The parties have not reached an agreement regarding plaintiff's claims for attorney fees, litigation expenses and costs.   These issues shall be the subject of further negotiation, litigation, or motions to the Court. Defendants agree to pay $10,000 for all personal injury, civil rights, or any other form of damages to plaintiff, such payment to be made by check to "Paul L. Rein in trust for Ernestina Saldana-Neilly" within 60 days of this agreement.   Such settlement is subject to a "good faith" stipulation and court order from Taco Bell as to the amount of damages or a "good faith" finding by the Court pursuant to defendants' motion.

**ENTIRE CONSENT ORDER:**

8.    This Consent Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein.   This consent decree applies to plaintiff's claims for injunctive relief and damages as to the Union 76 station only and does not resolve plaintiff's claims for attorney's fees, litigation expenses and costs, or to plaintiff's claims at the Taco Bell 1546 Camden Ave., Campbell, California, which shall be the subject of further negotiation

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4571 MJJ                     − 5 −                S:\jmi\Cases\T\Taco Bell - Union 76\pleading\Union 76 Consent Decree 12-5-05.doc

1    and/or litigation.

2

3    **CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

4         9.    This Consent Order shall be binding on Plaintiff

5    ERNESTINA SALDANA-NEILY, Defendants, HEDIA PETROLEUM, INC., dba

6    CAMPBELL UNION 76; BOZORGHADAD TRUST; and any successors in

7    interest.  The parties have a duty to so notify all such

8    successors in interest of the existence and terms of this

9    Consent Order during the period of the Court's jurisdiction of

10   this consent decree.

11

12   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO**

13   **DAMAGES AND INJUNCTIVE RELIEF ONLY:**

14        10.   Each of the parties to this Consent Decree

15   understands and agrees that there is a risk and possibility

16   that, subsequent to the execution of this Consent Decree, any

17   or all of them will incur, suffer, or experience some further

18   loss or damage with respect to the Lawsuit which are unknown or

19   unanticipated at the time this Consent Decree is signed.

20   Except for all obligations required in this Consent Decree, the

21   parties intend that this Consent Decree apply to all such

22   further loss with respect to the Lawsuit, except those caused

23   by the parties subsequent to the execution of this Consent

24   Decree. Therefore, except for all obligations required in this

25   Consent Decree, this Consent Decree shall apply to and cover

26   any and all claims, demands, actions and causes of action by

27   the parties to this Consent Decree with respect to the Lawsuit,

28   whether the same are known, unknown or hereafter discovered or

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4571 MJJ                    — 6 —          S:\jcs\Cases\El Taco Bell - Union 76\pleadings\Union 76 Consent Decree 12-5-05.doc

1    ascertained, and the provisions of Section 1542 of the

2    California Civil Code are hereby expressly waived.  Section

3    1542 provides as follows:

4        A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE

5        CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT

6        THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM

7        MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE

8        DEBTOR.

9    This waiver applies to the injunctive relief and damages

10   aspects of this action in regards to the Campbell Union 76

11   station only and does not include resolution of plaintiff's

12   claims for attorney fees, litigation expenses and costs, or

13   claims for injunctive relief with regard to the Taco Bell

14   restaurant located at 1546 Camden Ave., Campbell, California.

15       11.  Except for all obligations required in this Consent

16   Decree, and exclusive of the referenced continuing claims for

17   statutory attorney fees, litigation expenses and costs, each of

18   the parties to this Consent Decree, on behalf of each, their

19   respective agents, representatives, predecessors, successors,

20   heirs, partners and assigns, releases and forever discharges

21   each other Party and all officers, directors, shareholders,

22   subsidiaries, joint venturers, stockholders, partners, parent

23   companies, employees, agents, attorneys, insurance carriers,

24   heirs, predecessors, and representatives of each other Party,

25   from all claims, demands, actions, and causes of action of

26   whatever kind or nature, presently known or unknown, arising

27   out of or in any way connected with the Lawsuit.

28

Consent Decree and Order:
Case No. C04-4571 MJJ                    — 7 —          S:\jrt\Cases\GY\Taco Bell - Union 76\pleadings\Union 76 Consent Decree 12-5-05.doc

1    __TERM OF THE CONSENT ORDER__:

2         12.   This Consent Order shall be in full force and effect

3    for a period of twelve (12) months after the date of entry of

4    this Consent Order, or until the injunctive relief contemplated

5    by this Order is completed, whichever occurs later.   The Court

6    shall retain jurisdiction of this action to enforce provisions

7    of this Order for twelve (12) months after the date of this

8    Consent Decree, or until the injunctive relief contemplated by

9    this Order is completed, whichever occurs later.

10

11   __SEVERABILITY__:

12        13.   If any term of this Consent Decree and Order is

13   determined by any court to be unenforceable, the other terms of

14   this Consent Decree and Order shall nonetheless remain in full

15   force and effect.

16

17   __SIGNATORIES BIND PARTIES__:

18        14.   Signatories on the behalf of the parties represent

19   that they are authorized to bind the parties to this Consent

20   Decree and Order.

21

22   Dated: December ___, 2005

23

24        *1-6-06*

25   Dated: December ___, 2005

26

27

28

Plaintiff ERNESTINA SALDANA-NEILY

Defendant HEMA PETROLEUM, INC.,
dba CAMPBELL UNION 76

LAW OFFICES OF
__PAUL L. REIN__
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4571 MJJ            — 8 —        C:\Documents and Settings\tgross\My Local Settings\Temporary Internet Files\OLK3\C04\Union 76 Consent Decree12.5.

1   **TERM OF THE CONSENT ORDER:**

2       12.   This Consent Order shall be in full force and effect

3   for a period of twelve (12) months after the date of entry of

4   this Consent Order, or until the injunctive relief contemplated

5   by this Order is completed, whichever occurs later.   The Court

6   shall retain jurisdiction of this action to enforce provisions

7   of this Order for twelve (12) months after the date of this

8   Consent Decree, or until the injunctive relief contemplated by

9   this Order is completed, whichever occurs later.

10

11   **SEVERABILITY:**

12       13.   If any term of this Consent Decree and Order is

13   determined by any court to be unenforceable, the other terms of

14   this Consent Decree and Order shall nonetheless remain in full

15   force and effect.

16

17   **SIGNATORIES BIND PARTIES:**

18       14.   Signatories on the behalf of the parties represent

19   that they are authorized to bind the parties to this Consent

20   Decree and Order.

21

22   Dated: December _6_, 2005

23

24                    Plaintiff ERNESTINA SALDANA-NEILY

25   Dated: December ___, 2005

26

27                    Defendant HEDIA PETROLEUM, INC.,
                      dba CAMPBELL UNION 76

28

LAW OFFICES OF
PAUL L. REIN

1  Dated: December ___, 2005

2

3                                        _____
                                         Defendant BOZORGHADAD TRUST
4

5

6  APPROVED AS TO FORM:

7  Dated: December 9, 2005          PAUL L. REIN
                                    PATRICIA BARBOSA
8                                   JULIE MCLEAN
                                    LAW OFFICES OF PAUL L. REIN
9

10                                  _Julie McLean_____
                                    Attorneys for Plaintiff
11                                  ERNESTINA SALDANA-NEILY

12

13 Dated: December ___, 2005        RICHARD G. GROTCH, Esq.
                                    CODDINGTON, HICKS & DANFORTH
14

15

16                                  _____
                                    Attorneys for Defendants
17                                  HEDIA PETROLEUM, INC. dba
                                    CAMPBELL UNION 76; BOZORGHADAD
18                                  TRUST

19

20                         **ORDER**

21 Pursuant to stipulation, and for good cause shown, **IT IS SO**

22 **ORDERED**.

23

24 Dated:  _____, 2005      _____
                                    Hon. Martin J. Jenkins
25                                  United States District Judge

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4571 MJJ                — 9 —             S:\jss\Case 07\Taco Bell - Union 76\pleadings\Union 76 Consent Decree 12-5-05.doc

1   *1-6-06*
Dated: December __, 2005

2

3
                                    _____
4                                   Defendant BOZORGHADAD TRUST

5

6   APPROVED AS TO FORM:

7   Dated: December __, 2005        PAUL L. REIN
                                    PATRICIA BARBOSA
8                                   JULIE MCLEAN
                                    LAW OFFICES OF PAUL L. REIN
9

10

11                                  _____
                                    Attorneys for Plaintiff
12                                  ERNESTINA SALDANA-NEILY

13  Dated: ~~December __, 2005~~ *January 6, 2006*

                                    RICHARD G. GROTCH, Esq.
14                                  CODDINGTON, HICKS & DANFORTH

15

16                                  _____

17                                  Attorneys for Defendants
                                    HEDIA PETROLEUM, INC. dba
18                                  CAMPBELL UNION 76; BOZORGHADAD
                                    TRUST

19

20                                  **ORDER**

21  Pursuant to stipulation, and for good cause shown, **IT IS SO**

22  **ORDERED.**

23

24  Dated:    January 11    , 2005

25                                  Hon. Martin J. Jenkins
                                    United States District Judge

26

27

28

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4571 MJJ          — 9 —

Union 76 – 3145 S. Bascom. – Campbell, CA

## Disabled Access Evaluation: Inventory of Architectural Barriers

Inspection Date: 3/29/05

The following Inventory of Barriers lists the architectural features that do not meet the regulatory standards for disabled access. The third column titled REQUIREMENT lists the code citation from the CA Building Code (Title 24 Part 2 – Volume 1) or from The Americans with Disabilities Act (Title III – 28 CFR Part 36, Appendix A ) where the requirement can be found for that corresponding feature.

Survey performed by

Jonathan Adler, Principal
ACCESS COMPLIANCE SERVICES
ICBO Accessibility Inspector/Plans Examiner #0886919-21
CA Contractor Lic. #707965
(831) 429-4191

| # | Barrier Description | Requirement | Code | Recommendation | Graphic |
|---|---|---|---|---|---|
| | **PARKING** | | | | |
| 1 | **Signage: ISA**<br>Signage that reserves the space for persons with disabilities is not posted. | Accessible parking spaces shall be designated as reserved by a sign showing the symbol of accessibility (see 4.30.7).<br><br>Spaces complying with Van spaces shall have an additional sign "Van-Accessible" mounted below the symbol of accessibility | 4.6.4 | Install the required parking space signage on a post or the wall with the bottom edge 80" above the ground. | Photo 01 |

OSX:ACS Clients:Client List:ACS Clients Paul Rein Law:Union-76 Campbell:REPORT:Barrier Description.doc

1

| # | Barrier Description | Requirement | Code | Recommendation | Graphic |
|---|---|---|---|---|---|
| 2 | **Signage: Enforcement** Tow-Away signage is not posted as required | Tow-Away signage must be installed at each entrance to the lot or visible from each parking space. Sign must be min. 17" x 22", with min. 1" tall letters, and state: *"Accessible spaces not displaying distinguishing placards or license plates issued for persons with disabilities may be towed away at owner's expense. Towed vehicles may be reclaimed at _ _ _ _ or by telephoning _ _ _ _ _ _ _."* Blank spaces must be filled in with appropriate | 1129B.5 | Install tow-away signage at each entrance to the parking lot or at a location clearly visible from the parking space. | No Photo |
| 3 | **Access Aisle** A "built-up" curb ramp that slopes between 7.9% and 11.9% projects 5-8 ft. into the access aisle | Parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions

NOTE: While curb ramps are not allowed to project into the access aisle, even where curb ramps are allowed they may not slope more steeply than 8.3%. | 4.6.3 | Remove the built-up asphalt curb ramp from inside of the access aisle.

A) The section of walkway that connects the curb ramp to the raised walkway slopes at a shallow pitch of 4%. It can be rebuilt as steeply as 8.3% in order to ramp down to the parking lot level. That would eliminate the rise in level that the built-up ramp provided.

B) Alternatively, the ramp could remain but the accessible parking space would have to move laterally so that it was fully 8-ft away from the built-up ramp. The area between the newly located parking space and the existing curb ramp would have to be striped to prohibit parking. This would require giving up one parking space. | Photo 02 |

| # | Barrier Description | Requirement | Code | Recommendation | Graphic |
|---|---|---|---|---|---|
| | **ROUTES TO STORE AND RESTROOM** | | | | |
| 4 | **Exterior Route to Store Entrance**<br>The entry door, when held open by an internal mechanism, projects at a 90-degree angle from the building. That leaves only a 42-in. wide route between the door's leading edge and the outer edge of the raised walkway. | Persons with disabilities who travel from the parking area to the store must make a U-Turn around the leading edge of the open door. Both the CBC and ADAAG require that the route at this point must be minimum 48-in. wide because it is the first turn of a tight U-Turn. A tight U-Turn is one that turns around an object that is less than 48" wide. The door, which is approximately 2" wide is much less than 48-in.<br><br>Furthermore, CBC standards require that walkways be 48" wide. A door that encroaches into this required width while it is open in a fixed position is in conflict with this standard. | 4.3.3 | Reverse the swing of the door so that it continues to swing out but would be hinged on the opposite side as where it presently is hinged. | Photo 03<br><br>DWG-01 |
| | **Store Entrance Summary:** While the entry door into the store is able to swing in two directions, into the store or away from it, for purposes of entering the store it is not accessible regardless of the direction of swing. That is because product displays on both sides of the store encroach into the clear floor areas that are required for maneuvering at the doors.<br>When the door swings inward, a candy rack prevents the door from opening widely enough. That effectively leaves pulling the door outward from the exterior as only means of entering the store. The problem is that immovable product displays block an accessible approach from the exterior too. | | | | |
| 5 | **Entry Door - Exterior Side**<br>Refrigerated beverage cases beside the entrance limit the clear width of the space next to the door's strike-edge to only 5-in. | On the side toward which an exterior door swings, the level landing that extends beyond the strike-edge of the door must be minimum 24 inches wide.<br><br>*Note: The strike-edge is the side of the door opposite its hinges.* | 1133B.2.4. | No action is needed if the door is re-hung per the recommendation on Line 4, that is, the beverage cases may remain if the door is hinged from the opposite side. | Photo 04<br><br>DWG-01 |

OSX:ACS Clients:Client List:ACS Clients Paul Rein Law:Union-76 Campbell:REPORT:Barrier Description.doc

3

| # | Barrier Description | Requirement | Code | Recommendation | Graphic |
|---|---|---|---|---|---|
| 6 | **Entry Door - Interior Side** A candy display on the east wall of the store is only 27-in. from the face of the door in its closed position. It therefore encroaches 21-in. into the prescribed clear area of the door landing *Note: The candy display also prevents the door from fully opening 90-degrees, resulting in a clear path that is only 27-in. wide when the door is swung in.* | The level area must have a clear length opposite the direction of door swing (i.e. the "push-side") of 48 inches. When a door is open 90-degrees there must be a clear opening at least 32-in. wide | 4.13.6 1133B.2.4.2 4.13.5 | Remove the product display and maintain a clear 48" deep landing on the interior side of the door. | Photo 05 (encroachment) DWG 2 (Door opens only part way) |
| 7 | **Route to Restroom** A) On 7/4/04, 9/16/04 and 10/15/04, prior to the noticed inspection on 3/29/05, the route outside of the restroom was reduced to only 27-in. wide by the placement of product displays (Red Bull) B) During the Noticed Inspection on 3/29/05, removing the "Red Bull" display had widened the route, however it was still only 33" wide. | The minimum clear width of an accessible route must be 36 in. except at doors, especially when navigating a 90-degree turn | 4.3.3 *Fig. 7a and 7b* | Move the refrigerated case that is in front of the restroom door and along the east wall, a minimum of 3-inches away from the restroom. Maintain minimum 36-inch routes to the restroom. | Photo 06 (7/4/04) DWG 02 |
| **RESTROOM** | | | | | |
| 8 | **Door Hardware** Round doorknob is provided | Hardware must be operable with a single effort by lever-type hardware, panic bars, or other hardware that does not require tight grasping, pinching or twisting of the wrist. | 4.13.9 1133B.2.5.2 | Replace the round doorknob with lever-style hardware. | Photo 07 |
| 9 | **Strike-Edge Clearance** The clear floor area of the door landing is limited by the proximity of the toilet. The door landing therefore extends only 9-1/2" | On the side toward which an interior door swings, 18" of clear space is required beyond the strike-edge (latch side) of the door | 4.13.6 1133B.2.4. | Perform either A or B: A) Install a power door opener B) Relocate the door to the east wall (exterior wall) where | Photo 07 DWG 03 |

OSX:ACS Clients:Client List ACS Clients Paul Rein Union-76 Campbell:REPORT:Barrier Description.doc

4

| # | Barrier Description | Requirement | Code | Recommendation | Graphic |
|---|---|---|---|---|---|
| | beyond the edge of the door. | | | It would not have obstructions in the required door landing. | |
| 10 | **Side Transfer to Toilet**<br>The clear space between the toilet and the lavatory is only 21-1/2" wide | A clear 28-in. wide space is required beside the toilet to facilitate safe transferring from a wheelchair to the fixture. | 1115B.7.2 | Relocate the lavatory to the northeast corner of the room. | Photo 08<br>DWG 03 |
| 11 | **Side Grab Bar at Toilet**<br>The length of wall area next to the toilet where a grab bar can fit is limited by the door's location. The grab bar is therefore only 24" long and extends approximately 4 " beyond the leading edge of the toilet fixture. | The grab bar adjacent to the toilet must be minimum 42-in. long and extend at least 24" beyond the leading edge of the toilet. | 1115B.8<br>4.16.4 | Perform either A or B:<br><br>A) Add a second grab bar onto the door if the door remains where it is and a power opener is installed per recommendation A at line 9<br><br>B) Replace the 24" long grab bar with a 42" bar if the door is moved per recommendation B at line 9. | Photo 09 |
| 12 | **Mirror**<br>The bottom edge of the mirror is 44-1/2" above the floor | Mirrors must be mounted with the bottom edge of the reflecting surface no higher than 40 in. above the finish floor | 4.19.6<br>1115B.9.1 | Lower the mirror to 40" | Photo 10 |
| 13 | **Paper Towel**<br>The paper towel outlet is 51" above the floor. | Where towel, sanitary napkins, waste receptacles, and other similar dispensing and disposal fixtures are provided, at least one of each type must be located with all operable parts, including coin slots, within 40 inches from the finished floor. | 1115B.9.2 | Lower the mirror to 40" | Photo 11 |
| 14 | **Pipes under Lavatory**<br>None of the pipes under the lavatory are wrapped with insulation. | Hot water and drain-pipes under lavatories must be insulated or otherwise configured to protect against contact. | 4.19.4 | Wrap the pipes with insulation | Photo 08 |

5

## Summary of Recommendations:

### 1) Parking:

a) Remove the "built-up" curb ramp from the access aisle and rebuild the sloping section of walkway as needed in order to compensate

b) Post signage to identify the parking space and also enforcement to warn about towing away unauthorized vehicles.

### 2) Route to Entrance and the Entry Door:

a) Hinge the entry door from the opposite door jamb.

b) Move product displays on the interior provide a clear door landing (48-inch of clear space perpendicular to the door when it is closed).

### 3) Route to Restroom

a) Move the refrigerated case on the east wall in order to provide a continuous 36-inch wide route

### 4) Restrooms:

a) Replace the round doorknob with lever hardware

b) Relocate the door to provide required strike-edge maneuvering space or install a power door opener to mitigate the lack of space.

c) Install 42-in. of grab bar on the wall that flanks the toilet, insuring that it extends minimum 24-in beyond the leading edge of the toilet.

d) Move the lavatory to provide maneuvering space for transferring to the toilet.

e) Lower the papers towel dispenser and the mirror, and also insulate the pipes under the sink.

6



Photo 01.JPG



Photo 02.psd



Photo 03.JPG



Photo 04.JPG



Photo 05.JPG



Photo 06 (july 4-2004).jpg



Photo 07.JPG

Photo 08.psd







Photo 09.JPG

Photo 10.JPG



Photo 11.JPG

**Union 76
Campbell, CA**

## DRAWING 01

**Route from
Parking to Store**



### EXISTING
a) Curb ramp encroaches into access aisle
b) Route around entry door is 42" wide



### RECOMMENDATION
a) Remove the curb ramp and rebuild
the 4% sloped section of walkway more steeply
in order to descend to the level of the
parking lot.
b) Reverse the swing of the entry door.



Union 76
3145 S. Bascom, SJ

DRAWING 02



**UNION 76**
**Campbell, CA**

**DRAWING 03**

**EXISTING CONDITIONS**

Grab bar is only 24" long (42" required)

22" (28" req'd)

9" (18" req'd)



**RECOMMENDATION-A**
• Move lavatory to create side-transfer space
• Install power door opener to mitigate the lack of strike-edge clearance.
• Add grab to inside of door



**RECOMMENDATION -B**
• Move lavatory to create side-transfer space
• Relocate door to allow full-length grab bar and to provide required strike-edge clearance on the pull-side of the door.